■ MICHAEL BELLAVIA, an Infant, by His Natural Parent, ANTHONY BELLAVIA, et al., Appellants, v. ALLIED ELECTRIC MOTOR SERVICE et al., Defendants, and BOCK LAUNDRY MACHINE COMPANY, Respondent.— In an action to recover damages for personal injuries predicated upon alleged (1) negligent design and manufacture of a centrifugal water extractor and (2) breach of warranty of fitness for use, plaintiffs appeal from so much of an order of the Supreme Court, Queens County, dated July 5, 1973, as conditionally granted the branch of a motion by defendant Bock Laundry Machine Company which sought to preclude plaintiffs from offering, at the trial, evidence of any defect in any component of the extractor, the condition being one to permit plaintiffs to serve a supplemental bill of particulars stating with specificity the exact nature of the claimed defects. Order reversed insofar as appealed from, without costs, and said branch of said motion denied, upon condition that plaintiffs' attorneys personally pay $150 costs to defendant Bock Laundry Machine Company within 20 days after entry of the order to be made hereon. Two previous orders were made as to particulars to be furnished by plaintiffs to defendant Bock. In July, 1971 Bock demanded a bill of particulars which, *inter alia,* asked plaintiffs to state with specificity the exact nature of the claimed defect in the extractor. Plaintiffs served a bill of particulars in January, 1972. Bock deemed the bill insufficient and moved for a conditional order of preclusion. This resulted in a March, 1972 order directing plaintiffs to serve a supplemental bill of particulars. Plaintiffs did so, but Bock also deemed that insufficient and moved for another conditional order of preclusion. That motion was granted on default, by an order made in September, 1972. As indicated above, the appeal is from the third, above-described, order. In its decision, Special Term stated that while the supplemental bill of particulars served pursuant to the order of March, 1972 might have been sufficient, plaintiffs, by permitting a default to be taken, had established, as the law of the case, defendant's right to additional particulars with respect to the nature of the defects in the extractor. This court is not bound by the doctrine of law of the case and, hence, is not constrained by the prior default conditional order of preclusion (see *Walker* v. *Gerli*, 257 App. Div. 249). Also, it appears that prior to the making of the default order, a stipulation was entered into, adding a statement to Item 10 (b) of the supplemental bill of particulars.

This made the supplemental bill of particulars sufficient. Item 10 (b), as thus amended, reads: "The above parts were defective in design and manufacture in that each and every part of the alleged safety system failed during actual and foreseeable use to prevent the basket from rotating when the cover was open or to prevent the cover from either opening, popping up or being capable of opening when the basket was rotating. That in addition, the nature of the claimed defect is insufficiency, inadequacy and negligence in the design and materials of the parts of the said machine. In other words, it will be claimed that there was negligence in the design, manufacture and sale of the parts of this machine in that the design was negligent, insufficient, inadequate and not reasonably fit for use, and in that the materials of the machine were insufficient, inadequate and not reasonably fit for use." In the interests of judicial economy and substantial justice no further bill of particulars stating the exact nature of the defects in the extractor need be supplied by plaintiffs (cf. *Hunter* v. *Ford Motor Co.*, 37 A D 2d 335). In view, however, of the fact that plaintiffs' default was directly responsible for Bock's necessity to make, and appear on, an additional motion and to oppose this appeal, the imposition of the obligation upon plaintiffs' attorneys to pay $150 costs to Bock is proper, since these attorneys are primarily responsible for the procedural difficulties encountered by their clients (cf. *Morris Oil Servs.* v. *Bergman*, 37 A D 2d 862). Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.