■ Saxony Ice Co., Division of Springdale Ice Co., Inc., Appellant, v Little Mary's American Bistro, Defendant, and Elizabeth A. Sullivan, Respondent. [663 NYS2d 281] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), dated October 7, 1996, which denied its motion to strike the third and fifth affirmative defenses asserted in the answer of the defendant Elizabeth A. Sullivan and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, with costs, the motion is granted, and the cross motion is denied.

The plaintiff, as lessor, and the defendant Little Mary's American Bistro (hereinafter Little Mary's), a corporation, as lessee, entered into a lease whereby the plaintiff agreed to provide ice-making and storage equipment to Little Mary's for $300 a month. The defendant Elizabeth A. Sullivan signed the lease, as well as a personal guaranty.

We cannot say, as a matter of law, that there was insufficient consideration to support her personal guaranty. Thus, the court erred in awarding her summary judgment dismissing the complaint insofar as asserted against her. Moreover, the court improperly denied the plaintiff's motion to strike Sullivan's third affirmative defense (mistake of fact) and fifth affirmative defense (unclean hands). The plaintiff provided the court with a copy of a credit application in which Sullivan expressly and unambiguously named herself as president of the corporate defendant. The plaintiff also provided a copy of the lease and guaranty bearing Sullivan's signature, in her individual capacity, in two separate places. Indeed, one such place was on the line indicated solely for the individual guarantor (*see, Brewster Tr. Mix Corp. v McLean,* 169 AD2d 1036). Significantly, the guaranty consisted of a paragraph, clearly headed by the word "guaranty", and specifying the plaintiff's right to investigate the credit of the "guarantor". Thus, Sullivan's attempt to avoid personal responsibility by claiming that she did not intend to be individually bound, is unavailing.

Similarly, Sullivan's claims that she neither read nor understood the terms of the agreement, or that she was misled into signing were patently inadequate and failed to constitute an affirmative defense of mistake of fact or of plaintiff's unclean hands as a matter of law (*see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183; *Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793; *Martino v Kaschak,* 208 AD2d 698; *Touloumis v Chalem,* 156 AD2d 230). Accordingly, the third and fifth affirmative defenses should have been stricken. Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.