■ Stamata Kopsidas, Appellant, v Steve Krokos et al., Respondents. [742 NYS2d 342] —In an action for the partition and sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Sherman, J.H.O.), dated October 16, 2000, which, after a nonjury trial, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the action is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The plaintiff and the defendants were tenants in common of

certain real property. The plaintiff commenced this partition action seeking a forced sale of the property. The defendants opposed the sale, and presented uncontroverted evidence at the trial which showed that the property could be subdivided. In the midst of the proceedings, the parties leased the entire property to a lessee that had operated a restaurant on one of the two units located on the property. Finding that the plaintiff procured the lease improperly, the Judicial Hearing Officer dismissed the complaint on the ground that the plaintiff had unclean hands. The plaintiff appeals. We reverse.

The right to maintain an action for a partition is not absolute and is subject to the equities between the parties (*see Stressler v Stressler*, 193 AD2d 728; *Ripp v Ripp*, 38 AD2d 65, *affd* 32 NY2d 755). Although contrary to the plaintiff's contentions, unclean hands is a defense to the equitable remedy of partition (*see Vasquez v Zambrano*, 196 AD2d 840; *see also Goldberg v Goldberg*, 173 AD2d 679; *but see Grossman v Baker*, 182 AD2d 1119; *Jones v Gabrielli*, 6 AD2d 542), the Judicial Hearing Officer improperly dismissed the complaint on that ground. The doctrine of unclean hands applies when the complaining party shows that the offending party is "guilty of immoral, unconscionable conduct and even then only 'when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct'" (*National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16; *see also Nicolaides v Nicolaides*, 173 AD2d 448). Since the record demonstrates that the defendants signed the lease after reading it and gave no explanation for their failure to consult their attorney before doing so, and there was no evidence that the plaintiff engaged in any immoral or unconscionable conduct in procuring the lease, the doctrine of unclean hands is inapplicable (*see generally Saxony Ice Co., Div. of Springdale Ice Co. v Little Mary's Am. Bistro*, 243 AD2d 700; *cf. Ta Chun Wang v Chun Wong*, 163 AD2d 300). Moreover, the record also failed to establish that the defendants were injured by the lease, which provided that the rent was to be divided equally between the parties (*see Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310; *Mehlman v Avrech*, 146 AD2d 753; *cf. Nicolaides v Nicolaides, supra*).

In light of the foregoing, we do not reach the plaintiff's remaining contention. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.