■ RICHARD G. COREY, Appellant, v ARTHUR COLLINS et al., Respondents. [782 NYS2d 51]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 12, 2003, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about August 14, 2003, which granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, defendants' motion denied and plaintiff's motion granted as to the B-Bonds received as compensation from Wertheim & Co., and the matter remanded for further proceedings in accordance herewith. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

On December 13, 1985, Wertheim & Co. entered into a bond purchase agreement with defendants which provided: "[Prudential Associates] and [Arthur Collins, Arthur D. Emil and John J. Ferchill] hereby unconditionally and irrevocably guarantee to [Wertheim & Co.] and any subsequent registered owner thereof the full, complete and timely payments of all amounts due on the Deferred Interest Bonds-B (as defined in the Indenture), delivered to [Wertheim & Co.] as part of its compensation." This bond purchase agreement was negotiated to help finance the renovation of certain real property. The real property was subsequently subject to two mortgage foreclosure actions, which were consolidated, and eventually resolved by a stipulation of settlement.

Plaintiff received some of the B-Bonds as compensation from his employer, Wertheim, in 1985. He subsequently purchased, and is currently the owner and registered holder of, all the B-Bonds. In the foreclosure action, plaintiff sought to recover on the B-Bonds, but his lien was considered junior to the interests of another creditor whose claim exceeded the value of the subject property. Notably, the stipulation settling the foreclosure action provides that:

"WHEREAS, the B-Bonds are currently owned by Richard G. Corey ('Corey') and remain unpaid, outstanding, due and owing . . .

"nothing herein . . . shall prevent [Corey] from attempting to recover from [defendants] any unpaid amounts due under the B-Bonds." By this action, plaintiff seeks, pursuant to unconditional guaranty in the bond purchase agreement, to recover all sums due and owing on those bonds.

We reject defendants' argument that settlement of the foreclosure action mandates dismissal of the instant complaint, and their alternative argument that the foreclosure impaired the rights of the defendant guarantors and released them from all liability. By executing the unconditional guaranty in the bond purchase agreement, defendants waived their right to assert that plaintiff, by entering into the foreclosure settlement, had impaired the collateral securing the primary debt (*European Am. Bank v Lofrese*, 182 AD2d 67, 73 [1992]).

Defendants also argue that as the foreclosure action has been settled with plaintiff's consent, any attempt to assert rights with respect to the indebtedness secured by the mortgaged property should be considered meaningless. In support, they argue that "[a] mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation" (*FGB Realty Advisors v Parisi*, 265 AD2d 297, 298 [1999]). However, while the separation of a mortgage and a debt instrument may invalidate the security interest, i.e., the mortgage, it does not affect the primary debt, namely, defendants' obligations under the B-Bonds. This is so because "[t]he note represents the primary personal obligation of the mortgagor, and the mortgage is merely the security for such obligation" (*Copp v Sands Point Mar.*, 17 NY2d 291, 293 [1966]).

Finally, while plaintiff has standing to assert his rights as a "registered owner" of the B-Bonds under section 12 of the bond purchase agreement, it is unclear, based upon the conflicting language of sections 12 and 14, whether plaintiff can recover the value of bonds purchased subsequent to his employment with Wertheim.

Accordingly, we reverse, reinstate the complaint, grant plaintiff partial summary judgment on the B-Bonds received as compensation from Wertheim, and remand for a hearing to determine plaintiff's rights with respect to the remaining B-Bonds under the bond purchase agreement. Concur—Mazzarelli, J.P., Andrias, Sullivan, Lerner and Gonzalez, JJ.