STAMATA KOPSIDAS, Appellant, v STEVE KROKOS et al., Respondents. [796 NYS2d 635]—

In an action for partition and sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), entered February 9, 2004, which, after a nonjury trial, in effect, is in favor of the defendants and against her, and determined that the subject property be partitioned upon the expiration of the present lease and that both the plaintiff and the defendants share equally in the costs of said partition.

Ordered that the judgment is affirmed, with costs.

The plaintiff brought this action for partition and sale of commercial property that he and the defendants owned as tenants in common. The defendants answered by requesting partition. In 1999 during the pendency of the trial before a judicial hearing officer (hereinafter the JHO), the parties leased the subject property to a tenant for a term of seven years. Upon being notified of the new lease, the JHO stated that he could not partition the property while the lease was in effect, and as a result, dismissed the plaintiff's complaint, stating that she had unclean hands in procuring the lease while knowing that it would eliminate the possibility of partition (*see Kopsidas v Krokos*, 294 AD2d 406 [2002]).

On appeal by the plaintiff, this Court reversed the judgment, reinstated the complaint, and remitted the matter to the

Supreme Court, Queens County, for "further proceedings in accordance herewith," finding that the doctrine of unclean hands was inapplicable (*Kopsidas v Krokos, supra* at 406). Upon remittitur, the Supreme Court held a new trial, and directed that the subject property be partitioned upon the expiration of the lease at issue. The plaintiff appeals, contending, inter alia, that the Supreme Court failed to comply with this Court's directive for "further proceedings in accordance herewith" by conducting a new trial, and that the JHO's determination that the property could not be partitioned was the law of the case. We disagree.

A trial court, upon a remand or remittitur, is without power to do anything except obey the mandate of the higher court (*see Wiener v Wiener*, 10 AD3d 362 [2004], citing *United States v Pink*, 36 NYS2d 961, 965 [1942]). Since the initial trial did not determine the merits of the action, the Supreme Court, upon remittitur, did not deviate from this Court's directive by conducting a new one.

Furthermore, the JHO's determination dismissing the plaintiff's complaint was not the law of the case with respect to the issue of partition. The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding (*see Bellavia v Allied Elec. Motor Serv.*, 46 AD2d 807 [1974]). The doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision (*see Gay v Farella*, 5 AD3d 540 [2004]; *Baldasano v Bank of New York*, 199 AD2d 184, 185 [1993]). Here, the JHO stated that he could not grant the partition because of the current lease, but dismissed the complaint due to the plaintiff's alleged unclean hands in procuring the lease. The merits of the issue of partition were not decided by the JHO (*cf. Mulder v Donaldson, Lufkin & Jenrette*, 224 AD2d 125, 131 [1996]). Thus, the law of the case doctrine was inapplicable.

The plaintiff's remaining contentions are without merit or academic. Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur.