■ EMC MORTGAGE CORPORATION, Respondent, v MARIA CIELO SUAREZ et al., Appellants, et al., Defendants. [852 NYS2d 791]—

Contrary to the appellants' contention, the instant mortgage foreclosure action is not time-barred (*see* CPLR 213 [4]). While another entity purported to accelerate the appellants' mortgage debt in a prior action commenced on April 8, 1997, the note was never assigned to that entity and it therefore never had authority to accelerate the debt or to sue to foreclose. Accordingly, the purported acceleration was a nullity and the six-year statute of limitations, which ordinarily would commence running on the date of acceleration (*see Clayton Natl. v Guldi,* 307 AD2d 982 [2003]; *Lavin v Elmakiss,* 302 AD2d 638 [2003]; *EMC Mtge. Corp. v Patella,* 279 AD2d 604 [2001]), did not begin to run on the entire debt at that time. Therefore, the plaintiff's commencement of this mortgage foreclosure action on October 12, 2005 was not time-barred. However, in the event that the plaintiff prevails in this action, its recovery is limited to only those unpaid installments which accrued within the six-year period immediately preceding its commencement of this action (*see generally Lavin v Elmakiss,* 302 AD2d 638 [2003]; *Loiacono v Goldberg,* 240 AD2d 476 [1997]), and the Supreme Court properly permitted the plaintiff to amend the complaint to reflect this limitation on recovery (*see generally* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957 [1983]). The appellants have not been prejudiced by the amendment, since the date of the default has not been altered, and the plaintiff is still required to prove that the loan was properly placed in foreclosure in 1997 in order to prevail.

The Supreme Court also properly denied that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, as the conflicting evidentiary submissions of the parties on the motion and cross motion raised substantial questions of fact and credibility with regard to whether the appellants defaulted on the loan.

The appellants' remaining contentions are without merit. Mastro, J.P., Covello, Eng and Belen, JJ., concur.