■ CHRISTOPHER M. COLUMBO, Respondent, v ANTHONY E. COLUMBO, JR., Defendant, and BARBARA WHALEN et al., Appellants. [856 NYS2d 159]—

In an action, inter alia, to impose a constructive trust on real property, the defendants Barbara Whalen and Century 21 Mortgage appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated November 20, 2006, as denied their motion, in effect, for summary judgment dismissing the cause of action seeking to impose a constructive trust insofar as asserted against them and to cancel the notice of pendency, and (2) from so much of an order of the same court, dated March 19, 2007, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 20, 2006, is dismissed, as the portion of the order appealed from was superseded by the order dated March 19, 2007, made upon reargument; and it is further,

Ordered that the order dated March 19, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant Barbara Whalen purchased certain residential premises from the defendant Anthony E. Columbo, Jr. (hereinafter Anthony). Prior to the closing, the plaintiff Christopher M. Columbo filed a notice of pendency and commenced this action against Anthony seeking, inter alia, to impose a constructive trust on the premises. He alleged that Anthony had agreed to purchase the premises as his nominee, but that he, the plaintiff, paid the downpayment, mortgage, and maintenance. The plaintiff allegedly sought this arrangement because he had purchased the subject premises for his girlfriend, unbeknownst to his wife. Whalen and the defendant Century 21 Mortgage (hereinafter collectively the appellants), were subsequently made parties to the action by stipulation.

Following discovery, Anthony moved for summary judgment dismissing the complaint insofar as asserted against him contending, inter alia, that the plaintiff's unclean hands precluded the imposition of a constructive trust. The appellants separately moved, in effect, for summary judgment dismissing the constructive trust cause of action insofar as asserted against them and to cancel the notice of pendency, also arguing that the plaintiff was not entitled to equitable relief because of his unclean hands.

The Supreme Court denied the appellants' motion. The appellants subsequently moved, inter alia, for leave to reargue. The court granted reargument, but adhered to its original determination.

The appellants failed to establish their prima facie entitlement to judgment as a matter of law. A party seeking an equitable remedy must not have "unclean hands" (*Kopsidas v Krokos,* 294 AD2d 406, 407 [2002]). "The doctrine of unclean hands applies when the complaining party shows that the offending party is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (*Kopsidas v Krokos,* 294 AD2d at 407 [internal quotation marks omitted]). Here, the plaintiff's alleged immoral conduct in seeking to purchase the premises for his girlfriend was directed at his wife, who is not a party to this action, and thus neither directly related to the subject matter in litigation nor directly injured the appellants (*see Kopsidas v Krokos,* 294 AD2d 406 [2002]; *Higgins v Normile,* 130 AD2d 828 [1987]; *cf. Festinger v Edrich,* 32 AD3d 412 [2006]).

Further, contrary to the appellants' contention, it cannot be concluded as a matter of law that the plaintiff has an adequate legal remedy (*see Henness v Hunt,* 272 AD2d 756, 758 [2000]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.