SUMMARY ORDER
Defendants Agrícola Del Mar BCS, S.A. de C.V. (“Agrícola”), Grupo Batiz CGH, S.A. de C.V., Greenver, S.A. de C.V., In- *354 vernaderos La Pequeña Joya, S.A. de C.V., Raul Guillermo Batiz Guillen, and Jorge Guillermo Batiz Guillen appeal from summary judgment of the United States District Court for the Southern District of New York (McMahon, J.), entered on February 20, 2008, in favor of plaintiff Export-Import Bank of the United States (“EIB”) in a suit against defendants to collect principal and interest on notes executed by Agricola and guaranteed by the other defendants.
On September 24, 2002, Agrícola, a Mexican-based “agricultural concern,” entered into a loan agreement with First International Bank (“First”) for approximately $1,750,000. Export-Import Bank of U.S. v. Agricola Del Mar BCS, S.A. de C.V., 536 F.Supp.2d 345, 347 (S.D.N.Y.2008) (hereinafter EIB). EIB, a federal agency responsible for providing financial support to facilitate U.S. exports, see 12 U.S.C. § 635, guaranteed first on the loan, EIB, 536 F.Supp.2d at 347.
Agrícola later defaulted on seven notes. First’s successor, UPS Business Capital (“UPS”) sent demand letters to Agricola and the guarantors “individually[, as a successor of First,] and on behalf of the Export-Import Bank of the United States.” App’x at 86. In these demand letters, UPS stated that it was making “formal! ] demand! ]” for “full payment” of the notes. Id. After the defendants failed to repay UPS, UPS, pursuant to its agreement with EIB, assigned all its interest and rights on the notes to EIB in exchange for the outstanding balance of the loan. EIB, 536 F.Supp.2d at 348. EIB demanded payment from Agricola but no payments were made. Id. EIB then filed this action with the district court to collect the outstanding principal and interest and moved for summary judgment. Id.
The district court entered summary judgment, holding that the defendants waived their right to demand letters by unconditionally promising to guaranty the notes and explicitly waiving all legal rights, including the right to demand. The district court also held that the defendants were barred from an estoppel claim against EIB because EIB was a government agency, see id. at 350-51, and because the defendants had not shown affirmative misconduct on the part of EIB that would support an estoppel defense, id. at 351 (citing Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 434, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990)). We assume the parties’ familiarity as to the facts, the procedural context, and the specification of appellate issues.
This Court reviews the district court’s summary judgment de novo, resolving all ambiguities and drawing all inferences against the moving party. Parks Real Estate Purchasing Group v. St. Paul Fire and Marine Ins. Co., 472 F.3d 33, 41 (2d Cir.2006). Summary judgment is appropriate where “there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. Rule 56(c). “The party against whom summary judgment is sought must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.” Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir.2007) (internal quotation marks, ellipses, and emphasis omitted). This Court affirms the grant of summary judgment “if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks and citation omitted).
We agree with the well-reasoned opinion of the district court that an unconditional guaranty of a bond payment can, under *355 certain circumstances, include a valid waiver of rights under New York law, and that the unconditional guarantees agreed to by defendants-guarantors in this case included such valid waivers. See EIB, 536 F.Supp.2d at 350-51; see also Corey v. Collins, 10 A.D.3d 341, 343, 782 N.Y.S.2d 51 (1st Dep’t 2004); European Am. Bank v. Competition Motors, 182 A.D.2d 67, 71, 586 N.Y.S.2d 816 (2d Dep’t 1992); see also Red Tulip, LLC v. Neiva, 44 A.D.3d 204, 209, 842 N.Y.S.2d 1 (1st Dep’t 2007) (noting that a defendant-guarantor’s unconditional guaranty and waiver of rights presented an “insurmountable obstacle” to her ability to defend her failure to pay). Even construing those facts in favor of the defendants, the language of the notes is clear: the defendants-guarantors not only unconditionally guaranteed payment of the notes but explicitly waived all legal rights. Therefore the district court grant of summary judgment for EIB is affirmed on this basis and we need not address the defendants’ estoppel claim.
Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.