■ EAST HILLS METRO, INC., Appellant, v JEFFREY M. BROWN ASSOCIATES, INC., Respondent. [907 NYS2d 16]—

In an action to recover damages for breach of contract and unjust enrichment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated April 27, 2009, as denied that branch of its motion which was for summary judgment on that portion of the complaint which sought to recover the principal sum of $130,651 withheld by the defendant pursuant to the "change orders" corresponding to the subject subcontracts.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on that portion of the complaint which sought to recover the principal sum of $130,651 withheld by the defendant pursuant to the "change orders" corresponding to the subject subcontracts is granted.

Target Corporation (hereinafter Target), a nonparty, undertook to open a new Target store in the Riverdale section of the Bronx. In conjunction with the construction of the store, Target instituted an "Owner Controlled Insurance Program" (hereinafter OCIP), a comprehensive insurance program pursuant to which all contractors and subcontractors working on the project would be insured. In exchange for the insurance coverage provided to them by this program, contractors and subcontractors were required to include in their contracts and subcontracts credits or deductions of amounts to be withheld from the sums due to them to offset the costs of their proportionate share of the OCIP coverage.

Target entered into an agreement with the defendant pursuant to which the defendant was to serve as the general contractor for the construction of the store. The plaintiff entered into three subcontracts with the defendant to perform various work on the store. As the construction advanced, the scope of the plaintiff's work expanded. Therefore, according to the defendant and the provisions of the OCIP, the amounts to be withheld from the plaintiff to offset insurance costs increased. Thus, upon completion of the store, when the defendant paid the plaintiff, the defendant, pursuant to three "change orders" corresponding to each of the three subcontracts, withheld significantly greater sums to offset the cost of the OCIP to the plaintiff than what was originally reflected in the three subcontracts.

The plaintiff commenced this action to recover the sums withheld by the defendant. The defendant asserted that, pursuant to the subcontracts, as well as the terms of the OCIP, withholding sums to compensate for the cost of the OCIP to the plaintiff was proper, and it was permitted to increase the amounts charged back to the plaintiff to reflect the increased cost of the OCIP attributable to the work performed by the plaintiff.

The plaintiff moved for summary judgment on the complaint, asserting that the "back charges" included in the change orders violated Insurance Law § 2505. The Supreme Court determined that, while the provisions of the OCIP and the subcontracts purported to allow for the recalculation and increase of amounts due to cover the cost of a subcontractor's proportionate share of the OCIP, these provisions violated Insurance Law § 2505. None-

theless, the Supreme Court denied the plaintiff's motion for summary judgment, determining that "an issue of equitable estoppel . . . precludes the grant of summary judgment." In the order appealed from, the Supreme Court essentially determined that an issue of fact existed as to whether the plaintiff benefitted from the insurance protection afforded by the OCIP while not bearing the cost of that protection, or had secured its own insurance coverage in connection with the project. We reverse the order insofar as appealed from.

The Supreme Court correctly concluded that, to the extent that the provisions of the OCIP and the subcontracts permit the post-completion recalculation of, and increase in the amounts to be withheld to offset, the plaintiff's proportionate share of the OCIP, they violated Insurance Law § 2505. Pursuant to that section, owners and general contractors are prohibited from requiring a subcontractor on a nonpublic construction project to pay a premium or related charges for a policy of insurance (see Insurance Law § 2505 [a]). An owner or general contractor may provide such a policy "without reimbursement from the contractor or subcontractor," and may require, as essentially was done here, that the subcontractor provide a credit in its bid reflecting the amount the subcontractor "would otherwise add if [it] provided [its] own insurance as required in the bid specifications" (Insurance Law § 2505 [b]). Thus, the provisions of the OCIP which allowed for the post-completion adjustment and increase in the credit violate Insurance Law § 2505 because, unlike the credit in the subcontracts, they require the plaintiff to reimburse the defendant for the cost of insurance provided by Target through the defendant. Based on the evidence provided by the plaintiff in support of its motion, the plaintiff established its prima facie entitlement to judgment as a matter of law. In opposition, the defendant failed to raise a triable issue of fact.

Contrary to the Supreme Court's determination, the doctrines of equitable estoppel (see generally Matter of John Robert P. v Vito C., 23 AD3d 659, 661 [2005]) and unclean hands (see generally Kopsidas v Krokos, 294 AD2d 406, 407 [2002]) are inapplicable to the facts and circumstances of this case.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on that portion of the complaint which sought to recover the principal sum of $130,651. This amount represents the difference between the amount withheld by the defendant pursuant to the change orders corresponding to the subcontracts dated May 3, 2005 ($167,187), and the amount of the credit originally set forth in the subcontracts that the plaintiff agreed

to have withheld by the defendant ($36,536). Covello, J.P., Dickerson, Eng and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30996(U).]**