Deutsche Bank Natl. Trust Co. v Board of Mgrs. of the E. 86th St. Condominium (2018 NY Slip Op 04638)





Deutsche Bank Natl. Trust Co. v Board of Mgrs. of the E. 86th St. Condominium


2018 NY Slip Op 04638


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6922 850101/16 225

[*1]Deutsche Bank National Trust Company, etc., Plaintiff-Respondent,
v
The Board of Managers of the East 86th Street Condominium, Defendant-Appellant, Desert Eagle Management Inc., et al., Defendants.


Charles E. Boulbol, P.C., New York (Charles E. Boulbol of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains (Kenneth J. Flickinger of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about May 23, 2017, which, insofar as appealed from, denied the cross motion of defendant Board of Managers of the 225 East 86th Street Condominium (Board) to dismiss the complaint for lack of personal jurisdiction and as time-barred, and granted plaintiff's motion for an extension of time to serve the complaint pursuant to CPLR 306-b, unanimously affirmed, without costs.
The court in the first foreclosure action found that plaintiff lacked standing to commence the 2008 action. In light of its lack of standing, plaintiff's purported acceleration of the note was a nullity, and thus the statute of limitations did not begin to run and the current action was not time-barred (see EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593 [2d Dept 2008]).
Furthermore, the motion court providently exercised its discretion in finding that plaintiff's diligence, combined with an alleged default of a mortgage with a principal of $455,200, warranted an additional amount of time to complete service. To hold otherwise would amount to an unjust windfall to the Board, which was aware of the mortgage at the time the subject unit was purchased (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK