Commonwealth Land Tit. Ins. Co. v Prado (2019 NY Slip Op 07766)





Commonwealth Land Tit. Ins. Co. v Prado


2019 NY Slip Op 07766


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-03973
 (Index No. 517463/16)

[*1]Commonwealth Land Title Insurance Company, respondent,
v
Valdemar Prado, appellant.


Law Offices of Thomas Hoffman, P.C., Yonkers, NY, for appellant.
Fidelity National Law Group, New York, NY (Brian S. Tretter and Christopher Balala of counsel), for respondent.



DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated March 7, 2017. The order granted the plaintiff's motion and, in effect, denied the defendant's cross motion for summary judgment dismissing the action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment in lieu of complaint, and substituting therefor a provision denying the motion and deeming the motion and answering papers to be the complaint and answer, respectively; as so modified, the order is affirmed, with costs to the defendant.
In October 2005, the defendant, Valdemar Prado, the president of nonparty Solar Line, Universal Great Brotherhood, Inc. (hereinafter Solar Line), a not-for-profit corporation, executed a deed conveying to himself certain real property owned by Solar Line. Simultaneously with the transfer, Prado executed a note in favor of Accredited Home Lenders, Inc. (hereinafter AHL), which was secured by a mortgage on that property. By Assignment of Mortgage dated May 15, 2009, Mortgage Electronic Registration Systems, Inc., as nominee for AHL, purportedly assigned the mortgage to GMAC Mortgage, LLC (hereinafter GMAC). On or about May 19, 2009, GMAC, as the alleged holder of the note, commenced an action to foreclose the mortgage against Prado and Solar Line, among others (hereinafter the 2009 action).
In April 2010, in a separate action, the Supreme Court determined that the deed conveying the subject property to Prado was void inasmuch as the transfer violated Not-For-Profit Corporation Law §§ 510 and 511, and that the mortgage, which was based on the void deed, was also void. This Court upheld that determination (see Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d 862, 863). In July 2012, the Supreme Court granted a cross motion to dismiss the 2009 action on default "upon [GMAC's] failure to appear on this matter."
In October 2016, the plaintiff herein, Commonwealth Land Title Insurance Company (hereinafter Commonwealth), as the alleged holder of the subject note, commenced this action against Prado by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to [*2]recover on the note. Prado opposed the plaintiff's motion and cross-moved for summary judgment dismissing the action, inter alia, on the ground that Commonwealth lacked standing, arguing that the note was never validly assigned to GMAC, and that the failure to assign the note nullified the subsequent assignments of the note, including the ultimate assignment to Commonwealth. Prado also argued, among other things, that the action was time-barred. In the order appealed from, the Supreme Court granted Commonwealth's motion and, in effect, denied Prado's cross motion. Prado appeals.
"To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant and the failure of the defendant to pay in accordance with the note's terms" (Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 706; see Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789). "Once the plaintiff submits evidence establishing these two elements, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense" (Jin Sheng He v Sing Huei Chang, 83 AD3d at 789; see Roopchand v Mohammed, 154 AD3d 986, 988).
Here, Commonwealth made a prima facie showing of its entitlement to judgment as a matter of law by submitting the promissory note, which contains an unconditional obligation to pay, and evidence of Prado's failure to make payments on the note according to its terms (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383; Ahmad v Luce, 147 AD3d 888; Jason J. Weindorf, CPA, P.C. v Wightman, 133 AD3d 822). However, the evidence submitted by Prado in opposition to the motion and in support of his cross motion, while insufficient to establish his prima facie entitlement to judgment as a matter of law, was sufficient to raise triable issues of fact as to whether Commonwealth lacked standing to commence this action (see Deutsche Bank Natl. Trust Co. v Idarecis, 133 AD3d 702, 703-704), and whether this action is time-barred. With respect to the timeliness issue, the record reveals the existence of triable issues of fact as to whether GMAC was the holder of the note when it commenced the 2009 action and whether it had authority to accelerate the debt at that time (cf. Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593).
However, contrary to Prado's contention and the position of our concurring colleague, the nullification of the mortgage did not, as matter of law, invalidate GMAC's election to exercise its right to accelerate the maturity of debt. The note and the mortgage are separate instruments; "[t]he note represents the primary personal obligation of the mortgagor, and the mortgage is merely the security for such obligation" (Copp v Sands Point Mar., 17 NY2d 291, 293; see Corey v Collins, 10 AD3d 341, 343). Although the mortgage was deemed void, acceleration was permitted under the terms of the subject note. Further "[t]he fact of election should not be confused with the notice or manifestation of such election" (Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476). The nullification of the mortgage subsequent to the commencement of the 2009 action did not, as a matter of law, destroy the effect of the statement in the complaint in that action that GMAC had elected to accelerate the debt (cf. Albertina Realty Co. v Rosbro Realty Corp., 258 NY at 476; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658).
We note that the position of our concurring colleague, that it would be "inequitable" (concurring op at 4) to find that the acceleration of the mortgage in the 2009 action was effective because Prado's transfer of the deed was illegal and he has " unclean hands'" (id. at 5), was never advanced by Commonwealth, either before the Supreme Court or on the present appeal. Thus, this issue, which does not involve a pure question of law, is not properly before this Court for consideration on this appeal (see Misicki v Caradonna, 12 NY3d 511, 519; People v Watson, 163 AD3d 855, 866; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54). 
Accordingly, inasmuch as triable issues of fact remain as to Commonwealth's standing and the timeliness of this action, the Supreme Court properly, in effect, denied Prado's cross motion for summary judgment dismissing the action, but should have denied Commonwealth's motion for summary judgment in lieu of complaint. Based on the foregoing, the court should have deemed the motion and answering papers to be the complaint and answer, respectively (see [*3]Weissman v Sinorm Deli, 88 NY2d 437, 445; Frankini v Landmark Constr. of Yonkers, Inc., 91 AD3d 593, 595; cf. Schulz v Barrows, 94 NY2d 624).
LEVENTHAL, J.P., ROMAN and IANNACCI, JJ., concur.
MALTESE, J., concurs in the result, and votes to modify the order by deleting the provision thereof granting the plaintiff's motion for summary judgment in lieu of complaint, and substituting therefor a provision denying the motion and deeming the motion and answering papers to be the complaint and answer, respectively, and, as so modified, affirm, with the following memorandum:
A lender or the holder of a mortgage note as a successor in interest may accelerate a mortgage debt in a number of different ways, including the commencement of a foreclosure action where the lender seeks, in the complaint, the payment of the full balance due (see Milone v US Bank N.A., 164 AD3d 145). Where, as here, the complaint by which a prior holder of the mortgage note attempted to accelerate the mortgage debt was itself a nullity, the acceleration of the mortgage debt is invalid.
In a prior foreclosure action, GMAC Mortgage, LLC (hereinafter GMAC), as holder of the mortgage note, attempted to accelerate the debt of the defendant, Valdemar Prado, by including in the complaint a demand for "the entire amount secured by the mortgage." The Supreme Court subsequently determined that the deed by which Prado attempted to convey the subject property to himself was void and, in effect, determined that the mortgage based upon the void deed was also void. This Court affirmed that determination in 2012 (see Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d 862). Because GMAC sought to foreclose a void mortgage, the complaint by which it commenced that foreclosure action and attempted to accelerate the debt was also a nullity.
In the context of standing, "it is now well settled, that an acceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so" (Milone v US Bank N.A., 164 AD3d at 153; see U.S. Bank N.A. v Sopp, 170 AD3d 776, 778). Where a plaintiff lacks standing to commence a foreclosure action, the plaintiff also lacks standing to accelerate the mortgage debt. Similarly, here, there was no basis for GMAC to foreclose the void mortgage and no basis to accelerate the debt by including a demand for the total amount due in the complaint when it commenced its foreclosure action. Therefore, this action is not time-barred. Instead, "in the event that the plaintiff prevails in this action, its recovery is limited to only those unpaid installments which accrued within the six-year period immediately preceding its commencement of this action" (EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593).
This Court has found the acceleration of a mortgage debt to be valid in other cases in which a prior mortgage foreclosure action was dismissed. But cases where, for example, a valid complaint is dismissed for lack of personal jurisdiction are distinguishable for the reasons discussed above (see e.g. MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d 885; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657). Furthermore, under the circumstances here, the plaintiff herein, Commonwealth Land Title Insurance Company (hereinafter Commonwealth), as the alleged holder of the subject note, may not even commence a subsequent mortgage foreclosure action because the mortgage itself is void. Therefore, a separate notice of de-acceleration is not required.
"[A] foreclosure action is equitable in nature and triggers the equitable powers of the court" (Rajic v Faust, 165 AD3d 716, 717 [citations and internal quotation marks omitted]; see U.S. Bank N.A. v Losner, 145 AD3d 935, 937). "Once equity is invoked, the court's power is as broad as equity and justice require" (Rajic v Faust, 165 AD3d at 718 [internal quotation marks omitted]; see Norstar Bank v Morabito, 201 AD2d 545). This principle has been applied in the context of the de-acceleration of mortgage debt (see Kilpatrick v Germania Life Ins. Co., 183 NY 163, 169-170).
Here, the subject property was owned by Solar Line, Universal Great Brotherhood, Inc. (hereinafter Solar Line), a not-for-profit corporation (see Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d 862). Prado illegally attempted to convey the subject property to himself without obtaining court approval, in violation of Not-for-Profit Corporation Law §§ 510 and 511. [*4]Therefore, as this Court previously determined, the deed was void and the mortgage utilizing the void deed as collateral for the mortgage loan was also void (see Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d at 863). In view of the foregoing, it is both illogical and inequitable to find that the acceleration of the mortgage in the prior mortgage foreclosure action was effective. To do so is to permit a wrongdoer to profit from his own wrongdoing (see generally Rajic v Faust, 165 AD3d at 718).
In equity, Commonwealth should have the ability to collect on the note, and the statute of limitations should not be a bar to its 2016 cause of action. Ordinarily, when a borrower has defaulted in paying the mortgage note, the lender or subsequent holder of the note has the option of foreclosing the mortgage to take and sell the real property posted as collateral for the loan or to sue based on the note. Here, the original lender chose the usual course of foreclosing the mortgage to obtain the real property posted as collateral as opposed to suing the nonpaying defendant-borrower.
Since the Supreme Court declared that the deed was a nullity due to the illegal actions of Prado in wrongfully obtaining title to the subject property, the subject property was no longer available as collateral for the loan. Prado's illegal acts prejudiced the lender, which would not have loaned the money to Prado without the subject property as collateral, and also prejudiced the original lender's ability to choose to either foreclose the subject property or sue on the note for a money judgment.
Prado has "unclean hands" inasmuch as he illegally transferred the deed to himself. "A party seeking an equitable remedy must not have unclean hands'" (Ortiz v Silver Invs., 165 AD3d 1156, 1157, quoting Kopsidas v Krokos, 294 AD2d 406, 407). "The doctrine of unclean hands applies when the offending party is guilty of immoral, unconscionable conduct' directly related to the subject matter in litigation and which conduct injured the party seeking to invoke the doctrine" (Ortiz v Silver Invs., 165 AD3d at 1157, quoting Columbo v Columbo, 50 AD3d 617, 619; see Wells Fargo Bank v Hodge, 92 AD3d 775). Here, Prado violated Not-for-Profit Corporation Law §§ 510 and 511 by transferring the deed to himself without court approval. Moreover, Solar Line alleged in its prior action against Prado that there was no consideration for the transfer. Solar Line further alleged that, in order to obtain the mortgage, Prado forged a signature of a former mortgagee on a satisfaction of mortgage and that he falsely represented that the funds would be used to renovate the subject property. Prado should not be permitted to benefit from the immoral and illegal conduct by which he obtained the loan that is the subject of this action.
For these reasons, I would now hold as a matter of law and equity that the action is not time-barred because no triable issues of fact exist as to this issue, except that Commonwealth may only recover for payments due within six years of commencement of its cause of action in October 2016 (see EMC Mtge. Corp. v Suarez, 49 AD3d 592). Other than that, I do not agree that the Supreme Court should revisit the issue of the statute of limitations. However, I agree with my colleagues that neither Commonwealth nor Prado is entitled to summary judgment because there are triable issues of fact with respect to the plaintiff's standing.
Accordingly, I concur in the result reached by my colleagues to modify the order appealed from, by deleting the provision thereof granting Commonwealth's motion for summary judgment in lieu of complaint, and substituting therefor a provision denying the motion and deeming the motion and answering papers to be the complaint and answer, respectively.
ENTER:
Aprilanne Agostino
Clerk of the Court