Eden v Alvillar (2022 NY Slip Op 50905(U))

[*1]

Eden v Alvillar

2022 NY Slip Op 50905(U) [76 Misc 3d 131(A)]

Decided on August 19, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 19, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-203 K C

Mayan Eden, Petitioner-Respondent,
against
Stella Tranquilina Alvillar, Appellant, Carnegie Management, Inc.,
Respondent. 

Communities Resist (Adam Meyers and Ariel Ashtamker of counsel), for appellant.
Borah, Goldstien, Altschuler, Schwartz & Nahins (Paul N. Gruber of counsel), for
respondent Carnegie Mangement.
Angelyn Johnson & Associates, LLC (Angelyn Johnson of counsel), for
petitioner-respondent Mayan Eden.

Appeals from (1) an order of the Civil Court of the City of New York, Kings County
(Jeannine B. Kuzniewski, J.), dated November 6, 2019 and (2) a decision of that court dated
November 18, 2019, deemed from a final judgment of that court entered November 19, 2019 (see
CPLR 5512 [a]). The order, insofar as appealed from as limited by the brief, struck respondent
Stella Tranquilina Alvillar's first and second affirmative defenses. The final judgment, upon the
decision, after a nonjury trial, awarded petitioner possession in an unlawful entry or detainer
summary proceeding.

ORDERED that the appeal from the November 6, 2019 order is dismissed; and it is
further,
ORDERED that the final judgment is affirmed, without costs.
The appeal from the order must be dismissed because the right of direct appeal therefrom
terminated with the entry of the November 19, 2019 final judgment (see Matter of Aho,
39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for
review and have been considered on the appeal from the final judgment (see CPLR 5501
[a] [1]).
In this unlawful entry or detainer proceeding (see RPAPL 713 [10]), petitioner
alleges that she subleased the subject apartment from Stella Tranquilina Alvillar, the prime tenant
(tenant), and that tenant and Carnegie Management, Inc. (Carnegie), the building's landlord,
illegally locked her out. In her answer, tenant asserted the affirmative defenses of fraudulent
misrepresentation and unclean hands, alleging that petitioner's "ultimate purpose" in her "efforts
to occupy" the premises was to "displace Respondent Alvillar from her rent-stabilized apartment
of thirty years." Toward the end of a nonjury trial, which was held on multiple dates throughout
2019, the Civil Court, by order dated November 6, 2019, insofar as relevant to this appeal, struck
tenant's affirmative defenses on the ground that the practical effect of those defenses was to seek
affirmative relief that is not available in an unlawful entry or detainer proceeding. Following the
trial, the Civil Court awarded possession to petitioner. On appeal, tenant's sole contention is that
the court erred in striking her affirmative defenses.
Contrary to the Civil Court's determination, "any legal or equitable defense, or counterclaim"
may be raised in a summary proceeding (RPAPL 743; see Nissequogue Boat Club v State of
New York, 14 AD3d 542 [2005]; see also CCA 213; cf. Cobert Constr. Corp. v
Bassett, 109 Misc 2d 119 [App Term, 1st Dept 1981]). However, under the circumstances
presented herein, we decline to reverse the final judgment and direct a new trial. During the trial,
tenant was able to testify as to the basis for her affirmative defenses, to wit, that petitioner, with
the intent to induce tenant to enter into the agreement, failed to volunteer certain information to
tenant regarding petitioner's relationship with Carnegie. It was only after this testimony that
tenant was precluded from offering further proof of this purported relationship in support of her
affirmative defenses. Tenant's claim that petitioner failed to volunteer such information is not a
proper ground for tenant's defense to this RPAPL 713 (10) proceeding based upon fraudulent
misrepresentation (see Swersky v Dreyer & Traub, 219 AD2d 321, 326 [1996]) or a
defense based upon unclean hands (see National Distillers & Chem. Corp. v Seyopp
Corp., 17 NY2d 12 [1966]; Kopsidas v Krokos, 294 AD2d 406, 407 [2002]).
Consequently, upon this record, a new trial is not required to permit tenant a further opportunity
to present evidence on this issue. 
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 19, 2022