Yao Wen Lei v Yu Hin Chan (2024 NY Slip Op 50070(U))

[*1]

Yao Wen Lei v Yu Hin Chan

2024 NY Slip Op 50070(U)

Decided on January 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., CHEREÉ A. BUGGS, PHILLIP HOM, JJ

2023-784 K C

Yao Wen Lei and Harry Zeng, Respondents,
against
Yu Hin Chan and Feifei Gu, Appellants, and "John Doe" and/or "Jane Doe," Undertenants. 

Yu Hin Chan and Feifei Gu, appellants pro se.
Steven T. Gee, P.C. (Steven T. Gee of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sergio Jimenez, J.), entered June 23, 2023. The order, insofar as appealed from,(1) denied tenants' motion to sanction Judge Jimenez, (2) denied tenants' motion for discovery, (3) denied tenants' motion to recuse Judge Jimenez, (4) denied tenants' motion for leave to reargue their prior motion to dismiss the petition, (5) upon granting tenants' motion for leave to reargue their opposition to landlords' motion to strike a jury demand, adhered to its prior determination, (6) denied tenants' motion to strike landlords' answer to their counterclaims, (7) denied tenants' motion to "reconsider signing subpoenas," and (8) denied tenants' motion to stay the trial in a holdover summary proceeding.

ORDERED that the appeal is dismissed.
In this holdover proceeding, tenants appeal from so much of an order (Sergio Jimenez, J.) entered June 23, 2023 as(1) denied tenants' motion to sanction Judge Jimenez, (2) denied tenants' motion for discovery, (3) denied tenants' motion to recuse Judge Jimenez, (4) denied tenants' motion for leave to reargue their prior motion to dismiss the petition, (5) upon granting tenants' motion for leave to reargue their opposition to landlords' motion to strike a jury demand, adhered to its prior determination, (6) denied tenants' motion to strike landlords' answer to their [*2]counterclaims, (7) denied tenants' motion to "reconsider signing subpoenas," and (8) denied tenants' motion to stay the trial.
The appeal must be dismissed as the right of direct appeal from the June 23, 2023 order terminated upon the subsequent entry of a final judgment on June 29, 2023 (see Matter of Aho, 39 NY2d 241, 248 [1976]; Wells Fargo Bank, N.A. v Licurse, 211 AD3d 989 [2022]; Eden v Alvillar, 76 Misc 3d 131[A], 2022 NY Slip Op 50905[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Accordingly, the appeal is dismissed.
OTTLEY, J.P., BUGGS and HOM, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2024