■ Arnold R. Serapilio et al., Appellants, v Richard J. Staszak, as Commissioner of the Schenectady County Department of Social Services, Respondent. [680 NYS2d 296] —Carpinello, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 6, 1997 in Schenectady County, which denied plaintiffs' motion for partial summary judgment.

As a condition to their continued receipt of public assistance, plaintiffs were required to execute a mortgage in favor of defendant on their property located in the Town of Rotterdam, Schenectady County. The amount secured by the mortgage lien was approximately $17,700, the sum which plaintiffs had received in public assistance at the time the mortgage was executed in August 1976. The mortgage provided that payment was to be made "on the terms and conditions set forth in the Social Services Law". In September 1996, plaintiffs commenced the instant action pursuant to RPAPL article 15, seeking the cancelation of the mortgage in order to clear the title to their property. Plaintiffs thereafter made a motion for partial summary judgment on their first cause of action which alleged that the mortgage was time barred from enforcement and should be canceled pursuant to CPLR 213 (4). Supreme Court denied the motion and we affirm.

Plaintiffs correctly assert that CPLR 213 (4) requires a foreclosure action to be commenced within six years of the time the mortgagee is entitled to demand full payment; however, defendant as the mortgagee herein is not yet entitled to demand full payment. By its own terms, the mortgage is governed by the dictates of the Social Services Law. Social Services Law § 106 (2) (c) provides that the mortgagee may begin foreclosure proceedings "upon the death of the [mortgagor] or his [or her] receiving institutional care". As plaintiffs have neither died nor been institutionalized, defendant is prohibited from commencing foreclosure proceedings on their property. Hence, not only has the Statute of Limitations not run on a potential foreclosure action, it has not yet begun to run.

There is no support for plaintiffs' contention that the mortgage debt became payable on the date that they ceased to receive public assistance, i.e., April 30, 1982, or that the Statute of Limitations for foreclosure on the mortgage began to run on this date. Plaintiffs' remaining contentions have been reviewed and found to be similarly without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.