■ WELLS FARGO BANK, N.A., Successor by Merger to WELLS FARGO BANK MINNESOTA, N.A., as Trustee for DELTA FUNDING HOME EQUITY LOAN TRUST 1991-1, Respondent, v WINDSOR BURKE et al., Appellants, et al., Defendants. [943 NYS2d 540]—

In an action to foreclose a mortgage, the defendant Windsor Burke appeals from so much of an order of the Supreme Court, Kings County (Silber, J.), dated December 16, 2010, as denied his motion pursuant to CPLR 5015 to vacate his default in appearing or answering and to dismiss the complaint insofar as asserted against him as barred by the statute of limitations, and the defendant 105 4th Units, LLC, appeals from so much of the same order as, upon reargument, adhered to its original determination in an order dated February 1, 2010, denying that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss so much of the complaint as, in effect, asserted causes of action against it based on payments due on or after October 5, 2003, as barred by the statute of limitations.

Ordered that the order dated December 16, 2010, is affirmed insofar as appealed from, with costs.

In 1999, the defendant Windsor Burke borrowed $45,000 from nonparty Delta Funding Corporation (hereinafter Delta) which was secured by a 30-year mortgage on property owned by Burke located in Brooklyn. Burke defaulted on March 3, 2002, by failing to make the required monthly payment, and he conceded that he failed to make any of the monthly payments that came due after that date.

In June 2002, a foreclosure action (hereinafter the 2002 action) was commenced against Burke by the nonparty Wells Fargo Bank Minnesota, N.A. (hereinafter the Predecessor). However, the note and mortgage were not assigned to the Predecessor until August 23, 2002. Burke did not appear or interpose an answer in the 2002 action.

A junior lienholder, the nonparty Board of Managers 105 4th Avenue Condominium (hereinafter the Condominium Board), was named as a defendant in the 2002 action, but was never served with process. Another action was commenced by the Predecessor in 2003 (hereinafter the 2003 action), which named the Condominium Board as the defendant. Burke was not named as a defendant in the 2003 action. The 2003 action was consolidated with the 2002 action on November 2005.

By deed dated June 29, 2006, Burke conveyed his interest in the property to the nonparty NB 105 4th Apts, LLC. That entity, in turn, conveyed the interest to the defendant 105 4th Units, LLC (hereinafter Units LLC), pursuant to a bargain and sale deed dated November 15, 2006.

Sometime in July 2008, counsel for Units LLC advised counsel for the Predecessor that since the Predecessor had not been assigned the note and mortgage prior to commencing the 2002 action, it lacked standing. The Predecessor agreed to voluntarily

discontinue the consolidated action, and an order dated April 14, 2009, discontinued the consolidated action.

In June 2009, the note and mortgage were assigned to the plaintiff. On October 5, 2009, the present foreclosure action was commenced by the plaintiff against, among others, Burke and Units LLC. Burke did not appear or interpose an answer. Units LLC made a pre-answer motion to dismiss the complaint insofar as asserted against it. It argued that the Predecessor had accelerated the loan in 2002 or 2003, and that the 2009 action was therefore barred by the six-year statute of limitations.

The Supreme Court denied that branch of the motion of Units LLC which was to dismiss so much of the complaint as, in effect, asserted causes of action against it based on payments due on or after October 5, 2003. However, the court found that payments which had become due prior to October 5, 2003, were time-barred.

Units LLC moved for leave to reargue. At this point, Burke separately moved to vacate his default and to dismiss the complaint insofar as asserted against him. The Supreme Court granted the motion for reargument, but, upon reargument, adhered to its prior determination denying that branch of the motion of Units LLC which was to dismiss so much of the complaint as, in effect, asserted causes of action against it based on payments due on or after October 5, 2003. The Supreme Court also denied Burke's motion to vacate his default and to dismiss the complaint insofar as asserted against him. Burke and Units LLC appeal.

As a general matter, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding the commencement of the action (see CPLR 213 [4]). With respect to a mortgage payable in installments, separate causes of action accrued for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due (see Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754 [2011]; Loiacono v Goldberg, 240 AD2d 476, 477 [1997]; Pagano v Smith, 201 AD2d 632, 633 [1994]). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2001]; see Lavin v Elmakiss, 302 AD2d 638, 639 [2003]; Zinker v Makler, 298 AD2d 516, 517 [2002]).

Where the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the

holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation (*see Esther M. Mertz Trust v Fox Meadow Partners*, 288 AD2d 338, 340 [2001]; *Ward v Walkley*, 143 AD2d 415, 417 [1988]; *see also* 1-5 Bergman on New York Mortgage Foreclosures § 5.11 [2] [2011]). "Sometimes . . . whether maturity has arrived through acceleration can be a question of fact" (1-5 Bergman on New York Mortgage Foreclosures § 5.11 [3] [2011]; *cf. LPP Mtge. Ltd. v Gold*, 44 AD3d 718, 719 [2007]).

As with other contractual options, the holder of an option may be required to exercise an option to accelerate the maturity of a loan in accordance with the terms of the note and mortgage (*see Serapilio v Staszak*, 255 AD2d 824 [1998]; *Loiacono v Goldberg*, 240 AD2d at 477; *see generally Island Auto Seat Cover Co., Inc. v Minunni*, 69 AD3d 570, 571 [2010]). Furthermore, the borrower must be provided with notice of the holder's decision to exercise the option to accelerate the maturity of a loan (*see EMC Mtge. Corp. v Smith*, 18 AD3d 602, 603 [2005]; *EMC Mtge. Corp. v Patella*, 279 AD2d at 605-606; *Arbisser v Gelbelman*, 286 AD2d 693, 694 [2001]), and such notice must be "clear and unequivocal" (*Sarva v Chakravorty*, 34 AD3d 438, 439 [2006]; *see Arbisser v Gelbelman*, 286 AD2d at 694; *Colonie Block & Supply Co. v Overmyer Co.*, 35 AD2d 897, 897 [1970]). Commencement of a foreclosure action may be sufficient to put the borrower on notice that the option to accelerate the debt has been exercised (*see EMC Mtge. Corp. v Smith*, 18 AD3d at 603; *Clayton Natl. v Guldi*, 307 AD2d 982 [2003]; *Arbisser v Gelbelman*, 286 AD2d at 694).

Here, the Predecessor had not been assigned the note or the mortgage at the time the 2002 complaint was served upon Burke. Accordingly, service of the 2002 complaint was ineffective to constitute a valid exercise of the option to accelerate the debt since the Predecessor did not have the authority to accelerate the debt or to sue to foreclose at that time (*see EMC Mtge. Corp. v Suarez*, 49 AD3d 592, 593 [2008]). Furthermore, Units LLC failed to demonstrate that the commencement of the 2003 action was effective to constitute a valid exercise of the acceleration option since it failed to show that the Predecessor served Burke with the complaint in the 2003 action prior to October 5, 2003 (*see Sarva v Chakravorty*, 34 AD3d at 439). Even if the consolidation of the 2002 and 2003 actions could be construed as a valid acceleration, it occurred in 2005, less than six years prior to the commencement of this action (*see* CPLR 213 [4]).

In sum, Units LLC failed to demonstrate that the option to

accelerate the maturity of the loan was validly exercised in accordance with the terms of the note and mortgage, prior to October 5, 2003 (*see EMC Mtge. Corp. v Suarez*, 49 AD3d at 593; *Sarva v Chakravorty*, 34 AD3d at 439; *see also Esther M. Mertz Trust v Fox Meadow Partners*, 288 AD2d at 339; *Loiacono v Goldberg*, 240 AD2d at 477; *Pagano v Smith*, 201 AD2d at 633; *Ward v Walkley*, 143 AD2d at 417). Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination denying that branch of the motion of Units LLC which was to dismiss so much of the complaint as, in effect, asserted causes of action against it based on payments due on or after October 5, 2003.

Contrary to Burke's contention, the Supreme Court properly denied his motion to vacate his default in appearing or answering and to dismiss the complaint insofar as asserted against him as barred by the statute of limitations (*see Centennial El. Indus., Inc. v Ninety-Five Madison Corp.*, 90 AD3d 689, 689-690 [2d Dept 2011]; *Brownfield v Ferris*, 49 AD3d 790, 791 [2008]). Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.