U.S. Bank Natl. Assn. v Sopp (2019 NY Slip Op 01637)





U.S. Bank Natl. Assn. v Sopp


2019 NY Slip Op 01637


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-07379
 (Index No. 2312/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Elizabeth Sopp, appellant, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellant.
Greenberg Traurig LLP, New York, NY (Shane M. Biffar and Steven Lazar of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elizabeth Sopp appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 24, 2016. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In December 2005, the defendants Elizabeth Sopp and Magdalene Lantz (hereinafter together the defendants) obtained a loan in the sum of $377,360 from the defendant North Country Mortgage Banking Corporation, which was secured by a mortgage on certain real property in Franklin Square. The defendants defaulted on their mortgage payments, and the plaintiff's servicer, HomEq Servicing Corporation (hereinafter HomEq), sent a notice of default, dated August 15, 2006, to the defendants on behalf of the plaintiff. On October 26, 2006, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2006 action). In March 2010, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint, and granted Elizabeth Sopp's (hereinafter the appellant) cross motion to dismiss, concluding that the 2006 action had been commenced prior to the assignment of the note and mortgage to the plaintiff. The 2006 action was dismissed, without prejudice.
On March 7, 2014, the plaintiff commenced the instant action, and the appellant moved, pursuant to CPLR 3211(a)(5), to dismiss the complaint insofar as asserted against her as time-barred. In the order appealed from, the Supreme Court denied the motion on the ground that the plaintiff's commencement of the 2006 action did not constitute a valid exercise of the option to accelerate the debt, since the plaintiff had not yet been assigned the note and mortgage at the time that action was commenced, and thus lacked authority to accelerate the debt or sue to foreclose.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. [*2]Corp. v Patella, 279 AD2d 604, 605; see Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, lv granted 32 NY3d 903; 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069).
"Where the holder of the note elects to accelerate the mortgage debt, notice to the borrower must be clear and unequivocal'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867, quoting Sarva v Chakravorty, 34 AD3d 438, 439; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "An acceleration of a mortgage debt may occur in different ways. One way is in the form of an acceleration notice transmitted to the borrower by the creditor or the creditor's servicer . . . [Another] form of acceleration exists when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152 [citations omitted]). "Of course, . . . an acceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so" (id. at 153; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983-984; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593).
The appellant does not dispute that the plaintiff's commencement of the 2006 action was ineffective to accelerate the debt. Instead, she argues that the six-year limitations period began to run in August 2006, by the notice of default letter, which she characterizes as "HomEq Servicing's acceleration notice." This argument fails, first, because the language in the letter, stating that if the defendants failed to cure their delinquency within 35 days of the date thereof, the servicer would "without further demand, accelerate the maturity date of the Account and declare the total balance immediately due and payable," was not "clear and unequivocal," but, rather, "was merely an expression of future intent that fell short of an actual acceleration" (Milone v US Bank N.A.,164 AD3d at 152; see FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307; Bank of Am., N.A. v Luma, 157 AD3d 1106, 1107; 21st Mtge. Corp. v Adames, 153 AD3d 474, 475). Even if the notice here had been sufficiently clear and unequivocal, "an acceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so" (Milone v US Bank N.A., 164 AD3d at 153 [emphasis added]; see U.S. Bank N.A. v Gordon, 158 AD3d at 836; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983-984; EMC Mtge. Corp. v Suarez, 49 AD3d at 593). The record is clear that, as of August, and indeed, October, of 2006, the plaintiff had not yet been assigned the note and mortgage. Accordingly, just as it lacked standing to accelerate the debt in October 2006, when it commenced the 2006 action, it lacked standing to do so in August 2006, when it sent the notice of default letter.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be addressed in light of our determination.
Accordingly, we agree with the Supreme Court's denial of the appellant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court