Reverse Mtge. Solutions, Inc. v Fattizzo (2019 NY Slip Op 03391)





Reverse Mtge. Solutions, Inc. v Fattizzo


2019 NY Slip Op 03391


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2016-10352
 (Index No. 66269/14)

[*1]Reverse Mortgage Solutions, Inc., respondent,
v
Antonio Fattizzo, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Antonio Fattizzo appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), entered July 31, 2017. The judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated September 19, 2016, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Antonio Fattizzo, striking that defendant's answer, and for an order of reference, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
On January 18, 2007, Carmela Fattizo (hereinafter the borrower), through her attorney-in-fact, Antonio Fattizzo (hereinafter Fattizzo), executed an adjustable rate promissory note secured by a reverse mortgage on certain real property. Through a series of assignments, the reverse mortgage was assigned to the plaintiff, Reverse Mortgage Solutions, Inc. The note and reverse mortgage contained provisions that the lender "may require immediate payment in full of all outstanding principal and accrued interest if," inter alia, the borrower dies and no other borrower is living at the subject property. The borrower died on February 19, 2008. The property was conveyed to Fattizzo and Maria Barrett, the executor of the borrower's estate, by deed dated August 20, 2012.
The plaintiff commenced this action by filing a summons and verified complaint on August 6, 2014. Fattizzo filed a verified answer and an amended verified answer with counterclaims. The answers contained affirmative defenses that the action was barred by the statute of limitations. In an order dated September 19, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Fattizzo, to strike his answer, and for an order of reference. A judgment of foreclosure and sale was subsequently entered on July 31, 2017. Fattizzo appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; U.S. Bank Trust N.A. v Aorta, 167 AD3d 807, 808). The limitations period begins to run on the entire debt when the mortgagee or its predecessor elects to accelerate the mortgage (see [*2]U.S. Bank Trust N.A. v Aorta, 167 AD3d at 808; DLJ Mtge. Capital, Inc. v Hirsh, 161 AD3d 944, 945; U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). Where the acceleration of the maturity of a mortgage debt is made optional with the holder of the note and mortgage, " some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation'" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 835, quoting Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982-983). One way in which a noteholder may accelerate a mortgage debt is to "commence[ ] an action to foreclose upon a note and mortgage and seek[ ], in the complaint, payment of the full balance due" (Milone v U.S. Bank N.A., 164 AD3d 145, 152; see U.S. Bank N.A. v Gordon, 158 AD3d at 836; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935).
Here, the plaintiff had the option, but was not required, to accelerate the debt upon the death of the borrower. The loan did not automatically become due and payable upon the death of the borrower (see U.S. Bank N.A. v Gordon, 158 AD3d at 835; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983). The plaintiff did not take an affirmative act to accelerate the borrower's debt until it filed the summons and complaint in this action, seeking the entire principal of the loan, plus interest. Accordingly, the statute of limitations did not begin to run on the entire debt until the plaintiff filed the summons and complaint in the instant action, and we agree with the Supreme Court's determination that this action is not time-barred (see Milone v U.S. Bank N.A., 164 AD3d at 152; U.S. Bank N.A. v Gordon, 158 AD3d at 836; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court