MTGLQ Invs., LP v Wozencraft (2019 NY Slip Op 04287)





MTGLQ Invs., LP v Wozencraft


2019 NY Slip Op 04287


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


850159/16 9493 9492

[*1]MTGLQ Investors, LP, Plaintiff-Appellant,
v
Steven Wozencraft, Defendant-Respondent.


Leopold & Associates, PLLC, Armonk (Gregory M. Savran of counsel), for appellant.
Jonathan M. Landsman, New York, for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered July 7, 2017, which, to the extent appealed
from as limited by the briefs, granted defendant's motion to dismiss the complaint with prejudice, unanimously affirmed, with costs. Order, Supreme Court, New York County (Judith N. McMahon, J.), entered July 2, 2018, which, as limited by the briefs, denied plaintiff's motion to renew, unanimously affirmed, with costs.
In moving to dismiss an action as barred by the statute of limitations (CPLR 3211[a][5]), the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired (Norddeutsche Landesbank Girozentrale v Tilton, 149 AD3d 152, 158 [1st Dept 2017]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is inapplicable or whether the action was commenced within the statutory period (Wilson v Southampton Urgent Med. Care, P.C., 112 AD3d 499, 500 [1st Dept 2013]), and the plaintiff must "aver evidentiary facts establishing that the action was timely or [] raise an issue of fact as to whether the action was timely" (Lessoff v 28 Ct. St. Assoc., LLC, 58 AD3d 610, 611 [2d Dept 2009]).
Defendant satisfied its burden with proof that plaintiff's predecessor-in-interest, Wells Fargo Bank, N.A., commenced a foreclosure action and also accelerated the underlying debt in February 2007. Once a mortgage debt is accelerated, the entire amount becomes due and the six-year statute of limitations begins to run on the entire debt (see Wells Fargo Bank N.A. v Burke, 94 AD3d 980, 982 [2d Dept 2012]; CPLR 213[4]). That action was dismissed without prejudice in August 2012. Thereafter, in August 2014, Wells Fargo's motion to vacate the dismissal and restore the action to the calendar was denied and no appeal was taken. Plaintiff subsequently commenced its foreclosure action in July 2016.
Plaintiff's submission of an attorney's affirmation, without documentary evidence, that the note was not in Wells Fargo's possession at the time it commenced the mortgage foreclosure action is hearsay, and insufficient to raise an issue of fact as to whether the action was timely (see id.; cf. Zuckerman v City of New York, 49 NY2d 557 [1980]). As such, granting defendant's motion to dismiss on statute of limitations grounds was proper.
A court "in its discretion, may also grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made" (Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001]). Plaintiff's assertion that the lower court improvidently exercised its discretion in denying renewal is without merit, as plaintiff's proffer of another affidavit, also without documentary support, does nothing more than [*2]contradict earlier sworn affidavits and affirmations.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK