Herzl Dev. Group, LLC v Federal Natl. Mtge. Assn. (2019 NY Slip Op 06385)





Herzl Dev. Group, LLC v Federal Natl. Mtge. Assn.


2019 NY Slip Op 06385


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-06260
 (Index No. 513762/15)

[*1]Herzl Development Group, LLC, appellant,
v
Federal National Mortgage Association, respondent.


Menashe & Associates, LLP, Montebello, NY (Shoshana Schneider of counsel), for appellant.
Ras Boriskin, LLC, Westbury, NY (Joseph F. Battista and Jason W. Creech of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 9, 2016. The order granted the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint. Justice Roman has been substituted for former Justice Sgroi (see 22 NYCRR 1250.1[b]).
ORDERED that the order is affirmed, with costs.
In June 2005, nonparty Paul Russell executed a note in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide), secured by a mortgage given to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, encumbering real property in Brooklyn. Upon Russell's default, Countywide mailed a notice of default dated May 17, 2007. In or about July 2007, Countrywide commenced an action to foreclose the mortgage (hereinafter the 2007 foreclosure action), which was subsequently dismissed for lack of standing. A second action to foreclose the mortgage was dismissed for lack of personal jurisdiction.
Thereafter, in 2014, the plaintiff obtained title to the property and commenced this action pursuant to RPAPL 1501(4), seeking to cancel and discharge the mortgage on the ground that the statute of limitations for commencing an action to foreclose the mortgage had expired. The defendant moved pursuant to CPLR 3211(a)(1) to dismiss the complaint, arguing that documentary evidence demonstrated that the debt was never accelerated, and therefore that the statute of limitations had not expired. By order dated June 9, 2016, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 835). However, once such a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). "Where the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take [*2]advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983). "Where the holder of the note elects to accelerate the mortgage debt, notice to the borrower must be clear and unequivocal'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting Sarva v Chakravorty, 34 AD3d 438, 439).
Here, the documentary evidence submitted by the defendant conclusively demonstrated that the debt was not accelerated either by the May 17, 2007, notice of default or by the complaint in the 2007 foreclosure action, as the plaintiff herein alleged. Although the complaint in the 2007 action expressly "elect[ed] to declare immediately due and payable the entire unpaid balance of the principal" (see Milone v US Bank N.A., 164 AD3d 145, 152), Countrywide was found to lack standing in that action, and thus, did not have the authority to accelerate the debt at that time (see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704; U.S. Bank N.A. v Gordon, 158 AD3d 836; 21st Mtge. Corp. v Adames, 153 AD3d at 475). Further, the May 17, 2007,
notice of default, which provided that the debt would be accelerated if the borrower failed to cure the default by a date certain, was "nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d at 475; see FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307, 1309; Milone v US Bank N.A., 164 AD3d at 152).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
MASTRO, J.P., LEVENTHAL, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court