U.S. Bank N.A. v Leone (2019 NY Slip Op 06642)





U.S. Bank N.A. v Leone


2019 NY Slip Op 06642


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-02108
 (Index No. 711131/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Elissia Leone, respondent, et al., defendants.


Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for appellant.
Janet E. Sabel, New York, NY (Oda Friedheim of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 11, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Elissia Leone and to strike that defendant's answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2006, Elissia Leone (hereinafter the defendant) borrowed the sum of $528,000 from Mortgage Lenders Network USA, Inc. The loan was memorialized by a note and secured by a mortgage encumbering real property in Queens. In 2009, after the defendant defaulted on her payment obligations under the note and mortgage, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2009 action). However, in November 2014, the plaintiff moved to discontinue the 2009 action and to cancel the notice of pendency filed with respect thereto. In an order dated October 5, 2015, the Supreme Court granted the plaintiff's motion and discontinued the 2009 action.
On September 16, 2016, the plaintiff commenced this action against the defendant, among others, to foreclose the same mortgage. The defendant interposed an amended answer asserting various affirmative defenses, including the statute of limitations. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to strike her answer. In an order entered December 11, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Loiacono v Goldberg, 240 AD2d 476, 477). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v [*2]Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; EMC Mtge. Corp. v Patella, 279 AD2d at 606).
Here, the plaintiff does not dispute that it accelerated the debt by commencing the 2009 action, and that absent a revocation of its election to accelerate, the instant action, commenced on September 16, 2016, would be time-barred. Contrary to the plaintiff's contention, its submission of the order dated October 5, 2015, discontinuing the 2009 action upon its motion, in itself, was insufficient to establish, prima facie, that it revoked its election to accelerate the mortgage debt (see U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633, lv granted in part 33 NY3d 1039). While the plaintiff submitted the order granting its motion, inter alia, to discontinue and discontinuing the 2009 action, it did not submit the underlying motion papers, and nothing in the order itself served to destroy the effect of the plaintiff's prior election to accelerate the maturity of the debt (see U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 809). The plaintiff's contention that it affirmatively revoked the election to accelerate the mortgage debt by serving the defendant with 90-day notices pursuant to RPAPL 1304 is also without merit (see Milone v US Bank N.A., 164 AD3d 145, 154).
Since the plaintiff failed to satisfy its prima facie burden, we agree with the Supreme Court's determination to deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike her answer, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court