HSBC Bank USA v Rinaldi (2019 NY Slip Op 07878)





HSBC Bank USA v Rinaldi


2019 NY Slip Op 07878


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-00845 
2018-00846
 (Index No. 58087/15)

[*1]HSBC Bank USA, etc., respondent,
v
Mark D. Rinaldi, etc., appellant, et al., defendants.


James Marsico, PLLC, Purchase, NY (Joseph E. Ruyack III of counsel), for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Lijue T. Philip and Victor L. Matthews II of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mark D. Rinaldi appeals from (1) an order of the Supreme Court, Westchester County (David F. Everett, J.), dated November 3, 2017, and (2) a judgment of foreclosure and sale of the same court, also dated November 3, 2017. The order granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon an order of the same court dated April 13, 2017, among other things, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Mark D. Rinaldi, and denying that defendant's cross motion to dismiss the complaint insofar as asserted against him, and upon the order dated November 3, 2017, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order dated November 3, 2017, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated November 3, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
On March 18, 2005, the defendant Mark D. Rinaldi (hereinafter the defendant) executed a note in the sum of $619,500 in favor of Opteum Financial Services, LLC, which was secured by a mortgage on residential property in Lewisboro. By assignment of mortgage dated April 17, 2009, the mortgage was assigned to the plaintiff.
On April 2, 2009, the plaintiff commenced an action against, among others, the defendant to foreclose the mortgage (hereinafter the 2009 action). In an order entered March 19, 2012, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant, and granted the defendant's cross motion to dismiss the complaint insofar as asserted against him for lack of standing.
On May 5, 2015, the plaintiff commenced the instant action against, among others, the defendant to foreclose the mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant cross-moved to dismiss the complaint insofar as asserted against him on the ground that the action was time-barred, arguing that the statute of limitations began to run when the plaintiff accelerated the mortgage on April 2, 2009, by commencing the 2009 action. In an order dated April 13, 2017, the Supreme Court granted the plaintiff's motion, and denied the defendant's cross motion. The court rejected the defendant's contention that the statute of limitations began to run when the 2009 action was commenced. The court found that because the court in the 2009 action determined that the plaintiff lacked standing to commence that action, the plaintiff therefore could not have accelerated the loan by commencing the 2009 action.
Thereafter, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. In opposition, the defendant again argued that the action was time-barred because the plaintiff accelerated the mortgage debt by commencing the 2009 action. In an order dated November 3, 2017, the Supreme Court granted the plaintiff's motion, and on the same date, the court issued a judgment of foreclosure and sale. The defendant appeals.
The statute of limitations for a mortgage foreclosure action is six years (see CPLR 213[4]). For a mortgage payable in installments, there are separate causes of action for each unpaid installment, and the statute of limitations begins to run on the date each installment becomes due (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (id. at 982, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). A mortgage debt may be accelerated when a lender commences a mortgage foreclosure action against the borrower and seeks payment of the full balance due in the complaint (see Milone v US Bank N.A., 164 AD3d 145, 152). However, the acceleration of a mortgage debt by commencement of an action "is only valid if the party making the acceleration had standing at that time to do so" (id. at 153).
Here, the Supreme Court in the 2009 action determined that the defendant was entitled to dismissal of the complaint insofar as asserted against him for lack of standing. "Where, as here, the prior action is dismissed on the ground that the plaintiff lacked standing, the purported acceleration is a nullity, and the statute of limitations does not begin to run at the time of the purported acceleration" (U.S. Bank N.A. v Auguste, 173 AD3d 930, 932; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593). Further, the record contains no evidence of either a written assignment or physical delivery of the underlying note to the plaintiff prior to April 2, 2009, so as to establish the plaintiff's standing to commence the 2009 action (see DLJ Mtge. Capital, Inc. v Hirsh, 161 AD3d 944, 945). Thus, contrary to the defendant's contentions, the commencement of the 2009 action did not accelerate the mortgage debt, and the statute of limitations did not begin to run when the 2009 action was commenced (see Milone v US Bank N.A., 164 AD3d at 153).
The defendant's contention that the statute of limitations began to run when the plaintiff sent him a default notice, raised for the first time on appeal, is not properly before this Court (see Hernandez v Dunkin Brands Acquisition, Inc., 136 AD3d 980, 980).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's cross motion to dismiss the complaint insofar as asserted against him on the ground that the action was time-barred and to grant the plaintiff's motion, inter alia, for a judgment of [*2]foreclosure and sale.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court