Diji v Deutsche Bank Natl. Trust Co. (2019 NY Slip Op 07944)





Diji v Deutsche Bank Natl. Trust Co.


2019 NY Slip Op 07944


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-02343
 (Index No. 508446/15)

[*1]Augustine Diji, respondent, 
v
Deutsche Bank National Trust Company, etc., appellant.


Blank Rome, LLP, New York, NY (Timothy W. Salter and Diana M. Eng of counsel), for appellant.
Augustine Diji, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 11, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint and, upon searching the record, awarded the plaintiff summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to cancel and discharge of record a mortgage, and for related relief, alleging that the statute of limitations had expired. The defendant moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. The Supreme Court denied the defendant's motion and, upon searching the record, awarded the plaintiff summary judgment on the complaint. The defendant appeals.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced (see Lubonty v U.S. Bank N.A., 159 AD3d 962, lv granted 32 NY3d 903). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Lubonty v U.S. Bank N.A., 159 AD3d at 963; 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895).
"Where the holder of the note elects to accelerate the mortgage debt, notice to the borrower must be clear and unequivocal'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867, quoting Sarva v Chakravorty, 34 AD3d 438, 439; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "An acceleration of a mortgage debt may occur in different ways. One way is in the form of an acceleration notice transmitted to the borrower by the creditor or the creditor's servicer" [*2](Milone v US Bank N.A., 164 AD3d 145, 152). "[Another] form of acceleration exists when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (id. at 152). "[A]n acceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so" (id. at 153; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983-984; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593).
Here, the defendant demonstrated, prima facie, that the debt was never validly accelerated, as prior actions to foreclose the subject mortgage, commenced in 2007 and 2009, were dismissed upon determinations that the plaintiff in those actions lacked standing (see MLB Sub I, LLC v Grimes, 170 AD3d 992; 21st Mtge. Corp. v Adames, 153 AD3d 474, 475; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d at 593). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint, and should not have, upon searching the record, awarded the plaintiff summary judgment on the complaint.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court