MTGLQ Invs., LLP v Lunder (2020 NY Slip Op 02690)





MTGLQ Invs., LLP v Lunder


2020 NY Slip Op 02690


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

528503

[*1]MTGLQ Investors, LLP, Respondent,
v
David Lunder, Also Known as David C. Lunder, Appellant, et al., Defendants.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Hinman, Howard & Kattell, LLP, Binghamton (Paul T. Sheppard of counsel), for appellant.
Knuckles, Komonsinski & Manfro, LLP, Elmsford (Max T. Saglimbeni of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered October 9, 2018 in Tioga County, which, among other things, granted plaintiff's motion for summary judgment.
In 2007, defendant David Lunder (hereinafter Lunder) and defendant Rhonda L. Lunder (hereinafter collectively referred to as defendants) executed a promissory note, payable to Bank of America, N.A. (hereinafter BOA), that was secured by a mortgage on real property in Tioga County. In December 2009, after defendants defaulted on the loan, BOA mailed them a "Notice of Intent to Accelerate," attempting to obtain payment to cure defendants' default. When defendants did not cure the default, BOA issued second and third notices in September and December 2010, respectively. The December 2010 notice stated that, on January 21, 2011, "the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." Between July 2012 and November 2013, five additional notices were sent to defendants, each reiterating that "[t]he acceleration date of January 21, 2011 . . . remains in effect." In 2015, BOA assigned the mortgage to Federal National Mortgage Association, which thereafter assigned the mortgage to plaintiff in June 2016.
In March 2017, plaintiff commenced this foreclosure action and, following the filing of an answer by Lunder, plaintiff moved for summary judgment. Lunder opposed plaintiff's motion, asserted four affirmative defenses, including statute of limitations, and, among other things, cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion for summary judgment and denied Lunder's cross motion. Lunder appeals.
"The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1268 [2019] [internal quotation marks and citations omitted]; see CPLR 213 [4]; Bank of Am., N.A. v Luma, 157 AD3d 1106, 1106-1107 [2018]). Where a party alleges that the debt has been accelerated by demand, "that fact must be communicated to the mortgagor in a clear and unequivocal manner" (Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121, 1122 [2016]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983 [2012]; Sarva v Chakravorty, 34 AD3d 438, 439 [2006]; Colonie Block & Supply Co. v Overmyer Co., 35 AD2d 897, 897 [1970]).
Here, the December 2010 notice states that, "[i]f the default is not cured on or before January 21, 2011, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." This language, particularly the underlined language in the notice, indicates the date on which the debt was to be accelerated. A plain reading of the notice does not provide any suggestion that, except for curing the default, the outstanding debt would not be accelerated on that date. As such, the notice clearly and unequivocally indicates that the outstanding mortgage payments would be accelerated on January 21, 2011 (see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; Sarva v Chakravorty, 34 AD3d at 439; Colonie Block & Supply Co. v Overmyer Co., 35 AD2d at 897). The reiteration of this acceleration date in five subsequent letters only further evinces the acceleration date of January 21, 2011. As such, plaintiff was required to commence the current action prior to January 21, 2017, which it failed to do. Based on the foregoing, Supreme Court erred in granting plaintiff's motion for summary judgment, and instead should have granted Lunder's cross motion for summary judgment dismissing the complaint as untimely (see generally McNeary v Charlebois, 169 AD3d 1295, 1296 [2019]; Lavin v Elmakiss, 302 AD2d 638, 639 [2003], lvs denied 100 NY2d 577 [2003], 2 NY3d 703 [2004]; Saini v Cinelli Enters., 289 AD2d 770, 771-774 [2001], lv denied 98 NY2d 602 [2002]). In light of this determination, Lunder's remaining contentions have been rendered academic.
Clark, J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, plaintiff's motion denied, defendant David Lunder's cross motion for summary judgment granted and complaint dismissed.