Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC (2021 NY Slip Op 04215)





Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC


2021 NY Slip Op 04215


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-09834
 (Index No. 708186/18)

[*1]Federal National Mortgage Association, etc., respondent,
v
4721 Ditmars Blvd, LLC, appellant, et al., defendants.


Shiryak Bowman Anderson Gill & Kadochnikov LLP, Kew Gardens, NY (Andreas Christou of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 4721 Ditmars Blvd, LLC, appeals from an order of the Supreme Court, Queens County (Bruce M. Balter, J.), entered July 31, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to dismiss that defendant's affirmative defense alleging that the action is barred by the statute of limitations, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 1, 2007, the plaintiff's predecessor in interest commenced a prior action to foreclose a mortgage on real property, in which the defendant 4721 Ditmars Blvd, LLC (hereinafter Ditmars), intervened as a defendant. In an order dated May 19, 2014, the Supreme Court granted Ditmars's motion to dismiss the complaint insofar as asserted against it on the ground that plaintiff's predecessor in interest lacked standing.
On May 25, 2018, the plaintiff commenced the instant foreclosure action against, among others, Ditmars. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Ditmars, to dismiss Ditmars's affirmative defense alleging that the action is barred by the statute of limitations, and for an order of reference. In opposition, Ditmars argued that the instant action was time-barred under the theory that the plaintiff's predecessor in interest's purported acceleration of the debt in connection with the 2007 action was valid.
In an order entered July 31, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Ditmars, to dismiss Ditmars's affirmative defense alleging that the action is barred by the statute of limitations, and for an order of reference. Ditmars appeals, and we affirm.
Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]). When a mortgage is payable in installments, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt (see Deutsche Bank Trust Co. [*2]Ams. v Marous, 186 AD3d 669, 670). However, an acceleration of a mortgaged debt is only valid if the party making the acceleration had standing at that time to do so (see id. at 670).
Contrary to Ditmars's contention, the plaintiff established, prima facie, that the instant action was not time-barred. Since the 2007 foreclosure action was dismissed on the ground that the plaintiff lacked standing, "the purported acceleration [was] a nullity, and the statute of limitations [did] not begin to run at the time of the purported acceleration" (U.S. Bank N.A. v Auguste, 173 AD3d 930, 932; see Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d at 670-671; U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980). In opposition, Ditmars failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Ditmars, to dismiss Ditmars's affirmative defense alleging that the action is barred by the statute of limitations, and for an order of reference.
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court