U.S. Bank Trust N.A. v Barr

2026 NY Slip Op 03199

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank Trust National Association, etc., appellant,

v

Yaakov Barr, etc., respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-06405, (Index No. 613924/22)

Valerie Brathwaite Nelson, J.P.

Helen Voutsinas

Janice A. Taylor

Donna-Marie E. Golia, JJ.

Day Pitney LLP, New York, NY (Christina A. Livorsi and Catherine E. Welker of counsel), for appellant.

Kinzer & Musiker, Deer Park, NY (Michael A. Kinzer of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy), dated March 8, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Yaakov Barr and for an order of reference and granted that branch of the cross-motion of the defendant Yaakov Barr which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In March 2008, Carla R. Berman-Barr (hereinafter Carla) executed a note in the amount of $324,000, which was secured by a mortgage executed by Carla and the defendant Yaakov Barr (hereinafter the defendant, and together with Carla, the borrowers), on certain real property located in West Hempstead.

In a letter dated May 16, 2014, sent to the defendant, counsel for Caliber Home Loans Inc. (hereinafter Caliber), the loan servicer, advised that as a result of the borrowers' failure to comply with the terms of the note and mortgage, "[Caliber] has elected to accelerate your loan and declare the full amount due and payable at once." The May 16, 2014 letter indicated that Caliber had "directed [the] firm to commence foreclosure proceedings to collect the accelerated debt." The May 16, 2014 letter further advised that the borrowers could "avoid foreclosure proceedings by paying the debt immediately." In addition, the May 16, 2014 letter stated that the amount due "for principal, accrued interest, escrow advances and additional expenses as of the date of [the] letter total[ed] $328,387.81."

In October 2016, Caliber commenced an action against, among others, the defendant to foreclose the mortgage (hereinafter the 2016 foreclosure action). The 2016 foreclosure action was voluntarily discontinued without prejudice in November 2022.

In October 2022, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage. In July 2023, the plaintiff moved, among other things, for [*2]summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. In an order dated March 8, 2024, the Supreme Court, among other things, denied those branches of the plaintiff's motion and granted that branch of the defendant's cross-motion. The plaintiff appeals.

On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Bank of N.Y. Mellon v Jones, 239 AD3d 805, 806; U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable or whether the plaintiff actually commenced the action within the applicable limitations period (see Bank of N.Y. Mellon v Jones, 239 AD3d at 806).

An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). "Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Jones, 239 AD3d at 806 [alteration and internal quotation marks omitted]). "'[T]he borrower must be provided with notice of the [note]holder's decision to exercise the option to accelerate the maturity of a loan, and such notice must be clear and unequivocal'" (Islandcap, LLC v Cohen, 230 AD3d 660, 661, quoting Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983; see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 38). "'To constitute such clear and unequivocal acceleration of a debt, the notice must demand an immediate payment of the entire outstanding loan and not refer to acceleration only as a future event'" (Islandcap, LLC v Cohen, 230 AD3d at 661 [alteration omitted], quoting Knox v Countrywide Home Loans, Inc., 205 AD3d 792, 794). "'A mortgage can be accelerated by the commencement of a foreclosure action, or through an unequivocal acceleration notice transmitted to the borrower'" (id. at 662, quoting Knox v Countrywide Home Loans, Inc., 205 AD3d at 794; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983). "'The determinative question is not what the noteholder intended or the borrower perceived, but whether the contractual election was effectively invoked'" (Islandcap, LLC v Cohen, 230 AD3d at 662, quoting HSBC Bank USA v Pantel, 208 AD3d 643, 645-646).

Here, the defendant established that the six-year statute of limitations began to run in May 2014, when Caliber accelerated the debt by sending a letter to the defendant advising him of the default and demanding "immediate payment of the entire outstanding loan" (see Islandcap, LLC v Cohen, 230 AD3d at 661; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983). Since the plaintiff did not commence this action until October 2022, more than six years after acceleration of the debt, the defendant met his initial burden of establishing, prima facie, that this action was not timely commenced and, thus, the complaint must be dismissed insofar as asserted against him (see Bank of N.Y. Mellon v Jones, 239 AD3d at 806).

In opposition, the plaintiff failed to raise a question of fact. Contrary to the plaintiff's contention, the May 16, 2014 letter "reflected a clear and unequivocal election to accelerate the debt" (Islandcap, LLC v Cohen, 230 AD3d at 662; cf. Sansone v North Shore Invs. Realty Group, LLC, 218 AD3d 698, 700; Knox v Countrywide Home Loans, Inc., 205 AD3d at 794). Nor may the plaintiff avoid the effect of the statute of limitations based on its alleged failure to comply with paragraph 22(b) of the mortgage agreement (see Everhome Mtge. Co. v Aber, 195 AD3d 682, 686, affd 39 NY3d 949; see also CPLR 213[4][a]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.

BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court